UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

BARBARA JACKSON and
DONALD JACKSON,

        Plaintiffs,

vs.                                             Case Number: 5:12-5516

HSBC CARD SERVICES, INC.,
FIRST FINANCIAL INVESTMENT FUND VI, LLC.,
and MIG CAPITAL MANAGEMENT, INC

        Defendants.

COMPLAINT

Plaintiffs allege:

INTRODUCTION

1.    This is an action for damages brought by individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"); and violation of The West Virginia Consumer Credit and Protection Act, Chapter 46A ("hereinafter WVCCPA").

JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28

U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367 because the state claims are part of the same case or controversy and arise from a common nucleus of operative facts. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. This District Court has personal jurisdiction and venue is proper in this district because the Defendants transact significant business in this jurisdiction, the conduct complained of occurred in this jurisdiction and Plaintiffs reside in this jurisdiction.

## PARTIES

3. At all times herein mentioned, Plaintiffs Barbara Jackson and Donald Jackson were citizens of the United States and of the State of West Virginia, and resided in the Southern District of West Virginia.

4. At all times mentioned herein, Defendant HSBC Card Services, Inc., ("Defendant HSBC") was a credit consumer company , with its principal place of business located in Delaware. Defendant HSBC was engaged in business in the Southern District of West Virginia.

5. At all times herein mentioned Defendant First Financial Investment

Fund IV, LLC ("Defendant FFIF") was a company engaged in the business of collecting debts.  Defendant FFIF's principal place of business was located in Atlanta, Georgia, but it was registered to do business in and was engaged in business in the Southern District of West Virginia.  The principal business of Defendant FFIF was the collection of debts using mails and telephone and Defendant FFIF regularly attempted to collect debts alleged to be due to another.  Defendant FFIF was a debt collector pursuant to 15 U.S.C. section 1692a(6).

6.     At all times herein mentioned Defendant MIG Capital Management, Inc., ("Defendant MIG") was a company engaged in the business of collecting debts.  Defendant MIG's principal place of business was also located in Tampa, Florida, and it was registered to do business in and was engaged in business in the Southern District of West Virginia.  The principal business of Defendant MIG was the collection of debts using mails and telephone.  Defendant MIG regularly attempted to collect debts alleged to be due to another.  Defendant MIG was a debt collector pursuant to 15 U.S.C. section 1692a(6).

7.     Upon information and belief, Plaintiffs allege that at all times herein

mentioned each of the Defendants was the agent, servant, and/or employee of their Co-Defendants, and in doing the things hereinafter mentioned were acting in the scope of their authority as such agents, servants and employees with the permission and consent of their Co-Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 7 above as fully it set forth herein.

9. Some time prior to 2011, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), and by W Va §46A-1-102-13(a)(iii),namely, an account with HSBC Card Services, Inc, account ending in 4230.

10. Some time in 2011, Plaintiffs could not pay the minimum balance due, as the interest and fees caused this amount to become an amount they could not afford.

11. In or about 2011, one or both Defendants FFIF and MIG purchase d

the debt and engaged in an attempted to collect the same.

12. Plaintiffs received numerous calls from defendants and sought the counsel of The Mossler Law Firm, P.C.

13. Defendants continued to communicate with the Plaintiffs even after Defendants were notified via mail of Plaintiffs being represented by counsel.

First Cause of Action
Violations of the Federal Fair Debt Collections Practices
Act 15 U.S.C. §1692b(6)
Against Defendants FFIF and MIG Capital

14. Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 13 above as fully set forth herein.

15. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

16. Defendants, are "debt collectors" as defined by 15 U.S.C. §1692a(6).

17. Defendants, MIG Capital and FFIF violated The Federal Fair Debt Collection Practices Act 15 USC 1692(b) by communicating with the Plaintiffs after Plaintiffs' attorney made Defendants aware of representation via a letter, dated February 1, 2012.

18. As a result of Defendants' violation of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

Second Cause of Action
Violation of the West Virginia Consumer
Credit and Protection Act, §46A

19. Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 18 above as though fully set forth herein.

20. Plaintiffs are consumers as defined by §46A-1-102(12).

21. Defendants are debt collectors as defined by §46A-2-122(d).

22. Defendants MIG Capital and FFIF violated the WVCCPA, §46A-2-128(e), by communicating with the Plaintiffs after Plaintiffs' attorney made Defendants aware of representation via a letter, dated February 1, 2012.

23. As a result of Defendant's violation of the WVCCPA, Plaintiffs are

entitled to the cancellation of the debt they allegedly owe to Defendants and actual damages due to the Defendants' willful violation of this chapter, pursuant to W. Va. Code § 46A-5-105; statutory damages in an amount up to $4,400.00 pursuant to W. Va Code §46A-5-101(1); and reasonable attorney's fees and costs pursuant to W.Va. § 46A-5-104.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

First Cause of Action:

a.  For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

b.  For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants; and

c.  For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

Second Cause Of Action:

a.  For cancellation of the debt they allegedly owe to Defendants and actual damages, pursuant to W. Va. Code § 46A-5-105;

b.  For an award of statutory damages of $4,4,00.00 pursuant to

7

      W. Va Code §46A-5-101(1) against Defendants; and

   c. For an award of costs of litigation and reasonable attorney's fees pursuant to against Defendants and for Plaintiff W.Va. § 46A-5-104.

And such other relief as the Court may deem just and proper.

PLAINTIFFS DEMAND A JURY TRIAL

          BARBARA JACKSON and
          DONALD JACKSON
          BY COUNSEL


/s/Larry O. Ford
LARRY O. FORD (WVSB 1241)
LETISHA R. BIKA (WVSB 5489)
MEYER, FORD, GLASSER & RADMAN, PLLC
120 Capitol Street
Charleston, WV 25301
304-345-3900 – 304-345-3935 (Fax)
and
WILLIAM J. CAMPBELL, SBN 248729
THE MOSSLER LAW FIRM, P.C.
11690 Pacific Avenue, Suite 110
Fontana, CA 92337
Telephone: 909-581-7348
Facsimile: 909-581-7534
Pending admission Pro Hac Vice